**The below described is SIGNED.**

**Dated: January 16, 2015**



R. KIMBALL MOSIER
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Brett A. Jespersen,<br><br>            Debtor. | Bankruptcy Number: 14-26216<br><br>Chapter 7<br><br>Judge R. Kimball Mosier |

### MEMORANDUM DECISION

The Bank of New York Mellon *fka* The Bank of New York, as Trustee for the Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-12, (Bank) filed a motion to terminate the stay in the above-captioned bankruptcy case. The motion specifically sought termination of the automatic stay with respect to property located at 836 East 800 North, Pleasant Grove, Utah, (Real Property) in which the Debtor, Brett A. Jespersen, has an interest. The Court conducted a hearing on the Bank's motion on January 7, 2015, at which Mark S. Middlemas appeared on behalf of the Bank and Knute Rife appeared on behalf of the Debtor.

The Debtor opposed the Bank's motion, arguing that the Bank failed to carry its burden of proving that it had standing as a party in interest to bring the motion. At the January 7 hearing, counsel for the Bank produced the original note, endorsed in blank, which the Court reviewed.

## I. JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 (a) and (b). The Bank's motion seeks to terminate the automatic stay applicable in the Debtor's bankruptcy case, making this a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. § 1409.

## II. ANALYSIS

"[A] relief from stay proceeding is by its nature a cursory or summary proceeding." *G & B Aircraft Mgmt. v. Smoot (In re Utah Aircraft Alliance)*, 342 B.R. 327, 332 (B.A.P. 10th Cir. 2006). At a hearing on a motion for relief from stay, "the court merely determines whether the movant has a colorable claim, i.e., a facially valid security interest. It then should consider whether the objector has raised a colorable defense that, not merely offsets the movant's claim, but actually would defeat the movant's claim." *Id.*; *see also United States v. Fleet Bank of Mass. (In re Calore Express Co.)*, 288 F.3d 22, 35 (1st Cir. 2002) ("[T]he question for the bankruptcy court at [a stay-relief] hearing is generally whether the creditor's claim to the estate's property is colorable, not whether the creditor can ultimately recover in light of all relevant legal issues."). "If a court finds that [a reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property] exist[s], this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay." *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33–34 (1st Cir. 1994).

The Court may grant relief from the automatic stay "[o]n request of a party in interest." 11 U.S.C. § 362(d). The Bankruptcy Code does not define the term "party in interest," but "in order to invoke the court's power to award relief under § 362(d), a party must be either a creditor or a debtor

of the bankruptcy estate." *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012) (citation omitted). The Code defines a "creditor" as an "entity that has a claim against the debtor," and further defines "claim" as "a right to payment." 11 U.S.C. § 101(10)(A), (5)(A). The Bank "bears the burden of proving its statutory standing as a 'party in interest.'" *Miller*, 666 F.3d at 1261 n.4.

Utah law determines whether the Bank has a right to payment from the Debtor. *See Miller*, 666 F.3d at 1262 ("Within the context of a bankruptcy proceeding, state law governs the determination of property rights."). Under Utah law, "[i]f an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Utah Code. Ann. § 70A-3-205(2). At the January 7 hearing, the Bank's counsel was in possession of the original note evidencing the debt the Debtor had incurred on the Real Property. The Court reviewed the original note, which had been endorsed in blank. As the holder, through its agent, of an instrument payable to bearer, the Bank has the right to enforce the note. *See* Utah Code Ann. § 70A-3-301; *see also Commonwealth Property Advocates, LLC v. JP Morgan Chase Bank, N.A.*, 278 P.3d 618, 619 (Utah Ct. App. 2012) ("[T]he holder of the note that is indorsed in blank is entitled to enforce the note."). Consequently, the Bank has a right to payment, which makes it a creditor under the Code. In turn, this conclusion means that the Bank has standing as a party in interest to seek relief from the automatic stay under § 362.

To obtain relief from the automatic stay, a creditor must show that one of the conditions listed in 11 U.S.C. § 362(d) exists. Here, the Bank has alleged "cause" under § 362(d)(1) due to the Debtor's failure to make six post-petition mortgage payments and, under § 362(d)(2), that the Debtor

does not have any equity in the Real Property and the Real Property is not necessary to an effective reorganization. The Debtor did not dispute either of these allegations in his response to the Bank's motion or at the January 7 hearing. "A debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (citation and internal quotation marks omitted). Therefore, the Court concludes that the Bank has alleged sufficient grounds to obtain relief from the automatic stay.

### III.  CONCLUSION

Through its agent, the Bank is in possession of the original note, which has been endorsed in blank and is therefore payable to bearer. Utah law permits the holder of a note payable to bearer to enforce the note, which gives the Bank a right to payment, conferring on it the status of a creditor under the Bankruptcy Code. It therefore has standing to seek relief from the automatic stay, and has alleged sufficient grounds to terminate the stay. The Court will grant the Bank's motion in a separate Order issued in accordance with this Memorandum Decision.

_____END OF DOCUMENT_____

_____ooo0ooo_____

**DESIGNATION OF PARTIES TO RECEIVE NOTICE**

      Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

| | |
|---|---|
| J. Kevin Bird | jkevinbird@birdfugal.com, kbird@ecf.epiqsystems.com, kbtrustee@aol.com, melanie@birdfugal.com |
| Mark S. Middlemas | ecfmaildistgroup@lundbergfirm.com, lundbergBK@gmail.com, mark.middlemas@lundbergfirm.com |
| Kent W. Plott | ecfmaildistgroup@lundbergfirm.com, lundbergBK@gmail.com, kent.plott@lundbergfirm.com |
| Knute A. Rife | KARife@RifeLegal.com |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Brett A. Jespersen
836 East 800 North
Pleasant Grove, UT 84062